THEO S. ARNOLD (State Bar No. 279862)
SINGLER PROFESSIONAL LAW CORPORATION
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile:  (707) 823-8737
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SINGLER-ERNSTER, INC., | CASE NO.: |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. §2201) |
| ROUND TABLE FRANCHISE CORPORATION, | |
| Defendant. | |

Plaintiff Singler-Ernster, Inc. alleges as follows:

**PARTIES**

1.      Plaintiff Singler-Ernster, Inc. ("SEI") is a California corporation with a principal place of business in Sonoma County, California.

2.      Defendant Round Table Franchise Corporation ("RTFC") is a California corporation with a principal place of business in Contra Costa County, California.

**JURISDICTION AND VENUE**

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 in that it arises under the Lanham Act, 15 U.S.C §§ 1051 et. seq.  This Court has supplemental jurisdiction over the related claims in the action under 28 U.S.C. §1367(a).

4. Venue is proper as all defendants reside within this district.

**GENERAL ALLEGATIONS**

5. RTFC is the franchising corporation associated with Round Table Pizza, a chain of restaurants with approximately 450 locations. RTFC offers Round Table franchises for sale.

6. SEI is a longstanding Round Table franchisee. Until recently, SEI owned and operated eight stores in Sonoma, Marin, and Napa counties. Each store is a separate franchise, operated pursuant to a standard franchise agreement (the "Franchise Agreements"). Each Franchise Agreement contains an arbitration clause requiring arbitration of any dispute arising out of the Agreement before JAMS.

7. This action originates in a dispute over franchise renewal between RTFC and SEI regarding three locations with expired Franchise Agreements (collectively the "Expired Locations"/"Expired Agreements").

8. In late June 2013, RTFC demanded SEI renew the Expired Agreements by August 31, 2013, or RTFC would consider them terminated. The parties arbitrated the dispute with JAMS before The Honorable Fern Smith between September 2013 and April 2014.

9. In an interim order dated April 25, 2014 and a final order dated July 2, 2014, Judge Smith ruled that the Expired Agreements terminated as of August 31, 2013.

10. The arbitration award was confirmed by the San Francisco Superior Court in an August 22, 2014 hearing.

11. SEI paid all franchise and advertising fees through the April 25, 2014 decision.

**THE "SEPTEMBER 11 EMAIL AGREEMENT"**

12. RTFC now claims that SEI's decision to continue running the Expired Locations as Round Table restaurants during the arbitration and confirmation process was pursuant to a written agreement between RTFC and SEI. This is untrue.

13. In what it calls the "September 11 Email Agreement," RTFC alleges SEI entered into a written agreement with it by email consisting of the following terms:

"1. Within 5 days, Plaintiff shall dismiss, without prejudice, its Complaint filed August 30, 2013 in Sonoma County Superior Court.

2. Within 5 days, Plaintiff shall submit this dispute to JAMS, pursuant to the terms of the Franchise Agreements between the parties, and both parties shall request that JAMS apply its Expedited Rules, for the most expeditious handling of the disputes between the Parties.

3. Until the date the Arbitration Award is confirmed:

a. RTFC will not execute binding Franchise Agreements for the areas represented by the expired Franchise Agreements, so long as SEI continues to operate in those areas pursuant to paragraph b;

b. SEI shall operate each store currently operating under an expired Franchise Agreement pursuant to the terms of each Franchise Agreement; and

c. Nothing in this paragraph or Agreement (or permissions granted herein) shall be deemed a waiver or an admission of any type by either party. Except for the express purpose of enforcing this Agreement, neither party may rely on this Agreement, or use it in argument to support or oppose the disputed issues in the Arbitration."

14. The September 11 Email Agreement consisted of a chain of emails back and forth between RTFC and Bryan W. Dillon, SEI's former counsel. Nobody with authority to bind SEI signed or otherwise indicated acceptance of the September 11 Email Agreement.

15. Regardless of its validity, the September 11 Email Agreement does not include an arbitration provision.

16. Whether or not the September 11 Email Agreement is a valid contract, RTFC clearly acquiesced to allow SEI use of the Round Table trademarks at the Expired Locations until the arbitration award was confirmed.

17. On August 25, 2014, the Monday immediately after the Friday hearing confirming the arbitration award, SEI ceased running the Expired Locations as Round Table restaurants, converting them instead to a new concept.

18. On September 16, 2014, RTFC filed a demand for arbitration ("RTFC Demand") with JAMS in San Francisco, California. The RTFC Demand is attached as Exhibit A.

3
001/025/0180.2                                                        COMPLAINT

19. The RTFC Demand alleges, as Count One, that SEI entered into the September 11 Email Agreement with SEI, and that SEI breached the September 11 Email Agreement by refusing to pay RTFC franchise royalties and advertising fund fees for the months of April through August, 2014. On Count One, RTFC demands a monetary award for franchise fees and advertising contributions for the months of April, May, June, July, and August, 2014 for each of the Expired Locations, late fees on those franchise fees and advertising contributions, and prejudgment interest, at the maximum rate allowed by law.

20. The RTFC Demand further alleges, as Count Two, that SEI had violated various Round Table trademarks RTFC owns and Round Table franchisees license. Specifically, RTFC alleges that it owns specific federal and state trademarks, service marks, advertising logos, and trade dress in the Round Table name ("Round Table Marks"); that the rights to use these Round Table Marks is licensed to franchisees for the term of each Franchise Agreement, but expires on termination of that Agreement; and that SEI infringed upon those marks by running the Expired Locations as Round Table restaurants between the "official" termination date determined by Judge Smith of August 31, 2013 and August 25, 2014, when SEI converted the Expired Locations. On Count Two, RTFC demands a monetary award in the amount of franchise fees, advertising fund contributions and late fees that would be due under the terms of the Franchise Agreement for each of the Expired Locations, SEI's profits, and an amount three times the amount of actual damages pursuant to 15 U.S.C. section 1117; a declaration that this case is exceptional under 15 U.S.C. section 1117 and an award of attorney's fees; and a declaration that SEI's conduct was intentional and willful, entitling RTFC to punitive damages.

**FIRST CAUSE OF ACTION**

**(DECLARATORY RELIEF ON FEDERAL STATUTORY AND STATE COMMON LAW TRADEMARK INFRINGEMENT – 15 U.S.C. §1114)**

21. SEI incorporates Paragraphs 1-20 as though fully set forth below.

22. An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of plaintiff and defendants, for which plaintiff desires a declaration of rights.

23. A declaratory judgment is necessary in that plaintiff contends and defendants deny the following:

    a. SEI contends that RTFC acquiesced to SEI's use of the Round Table Marks in the Expired Locations between August 31, 2013, and August 25, 2014. SEI further contends that RTFC actively represented to SEI that it would not assert its trademark rights against SEI regarding the Expired Locations; that the year-long delay between that representation and the RTFC Demand is not excusable; and that this year-long delay caused SEI undue prejudice.

    b. SEI further contends that, even if its use of the Round Table Marks constituted infringement, it was not willful, intentional, malicious, or with reckless disregard of RTFC's rights, this case is not exceptional, and awards of profits, punitive damages, and attorneys fees are not appropriate.

24. The validity of the parties' interpretations is ripe and of immediate concern because RTFC has already sought to take action through the RTFC Demand for arbitration on September 16, 2014. So that SEI can make critical business decisions and avoid significant and imminent injury, it is essential for SEI that the Court determine, without further delay, its legal rights and obligations with regard to the issues presented in this cause of action.

25. Wherefore, SEI requests relief as follows:

    a. That the court enter a declaration of rights that SEI's use of the Round Table Marks between August 31, 2013 and August 25, 2014 in the Expired Locations was not infringement;

    b. That the court enter a declaration of rights that SEI's use of the Round Table Marks between August 31, 2013 and August 25, 2014 in the Expired Locations was not done intentionally, willfully, maliciously, or with reckless disregard for RTFC's rights;

001/025/0180.2     COMPLAINT

   c.   That this case is not exceptional under 28 U.S.C. §1117;

   d.   That an award of profits is not appropriate;

   e.   That an award of punitive damages is not appropriate;

   f.   That an award of attorneys fees is not appropriate;

   g.   That SEI have and recover its costs of suit herein;

   h.   That the court grant such other and further relief as it deems proper.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF ON CONTRACT

26. SEI incorporates Paragraphs 1-25 as though fully set forth below.

27. An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of plaintiff and defendants, for which plaintiff desires a declaration of rights.

28. A declaratory judgment is necessary in that plaintiff contends and defendants deny the following:

   a.   SEI contends that no valid contract was entered between SEI and RTFC by the September 11 Email Agreement.

   b.   SEI further contends that, even if the September 11 Email Agreement forms a valid written contract between SEI and RTFC, the terms of each Franchise Agreement do not give SEI the duty to pay RTFC franchise or advertising fees for the Expired Locations after August 31, 2013.

   c.   SEI further contends that, even if the September 11 Email Agreement was valid and the Expired Agreements had not terminated, the phrase "operate each store currently operating under an expired Franchise Agreement pursuant to the terms of each Franchise Agreement" refers only to the operating standards of the Round Table locations, such as maintenance of quality, service, and cleanliness standards, and does not include nonoperational terms such as payment of franchise royalties or advertising contributions.

29. The validity of the parties' interpretations is ripe and of immediate concern because RTFC has already sought to take action through the RTFC Demand for arbitration on September 16, 2014.  So that SEI can make critical business decisions and avoid significant and imminent injury, it is essential for SEI that the Court determine, without further delay, its legal rights and obligations with regard to the issues presented in this cause of action.

30. Wherefore, SEI requests relief as follows:

    a. That the court enter a declaration of rights that SEI and RTFC did not enter into a valid contract by the September 11 Email Agreement;

    b. That, in the alternative, the court enter a declaration of rights under the September 11 Email Agreement that the September 11 Email Agreement incorporates the termination provisions in the Franchise Agreements, and that SEI's obligation to pay RTFC franchise or advertising fees terminated August 31, 2013;

    c. That, in the alternative, the court enter a declaration of rights under the September 11 Email Agreement that the September 11 Email Agreement refers solely to operating terms that do not include payment of franchise or advertising fees, and that SEI is not obligated to pay these sums to RTFC;

    d. That SEI have and recover its costs of suit herein;

    e. That the court grant such other and further relief as it deems proper.

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF ON ARBITRABILITY**

31. SEI incorporates Paragraphs 1-30 as though fully set forth below.

32. In the RTFC Demand, RTFC pleads that "each of the Franchise Agreements for the Expired Locations contains a pre-dispute arbitration provision" requiring RTFC and SEI to submit all disputes arising out the Expired Agreements to binding arbitration.

33. By the confirmed arbitration award and order, the Expired Agreements terminated August 31, 2013.

34. All RTFC's claimed damages in the RTFC Demand arise from events allegedly occurring after the Expired Agreements terminated.

35. The September 11 Email Agreement does not contain an agreement to arbitrate disputes arising out of the September 11 Email Agreement, nor does it contain an agreement to extend the terms of the arbitration clauses in the Expired Agreements beyond their termination dates.

36. An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of plaintiff and defendants, for which plaintiff desires a declaration of rights.

37. A declaratory judgment is necessary in that plaintiff contends and defendants deny the following:

    a. SEI contends that no valid agreement to arbitrate the current dispute exists between itself and RTFC, and that JAMS has no jurisdiction over the matter.

38. The validity of the parties' interpretations is ripe and of immediate concern because RTFC has already filed a demand for arbitration on September 16, 2014. Moreover, SEI already wrote JAMS a letter on September 22, 2014 explaining that this dispute is not subject to a valid agreement to arbitrate, and JAMS has no jurisdiction (attached as Exhibit B.) JAMS responded in writing on September 26, 2014 to SEI's letter by demanding money from SEI for a case management fee, explaining that the arbitration would commence upon receipt of that fee (attached as Exhibit C.) JAMS further explained that the chosen arbitrator would rule on jurisdiction and arbitrability. To avoid significant and imminent injury, it is essential for SEI that the Court determine, without further delay, its legal rights and obligations with regard to the issues presented in this cause of action.

39. Wherefore, SEI requests relief as follows:

    f. That the court enter a declaration of rights that no current agreement to arbitrate disputes covers the RTFC Demand, and that JAMS lacks jurisdiction over the RTFC Demand;

    g. That SEI have and recover its costs of suit herein;

    h.       That the court grant such other and further relief as it deems proper.

Dated: October 9, 2014                          **SINGLER PROFESSIONAL LAW CORPORATION**

By  /s/ Theo S. Arnold_____
      Theo S. Arnold
      Attorneys for Defendant Singler-Ernster, Inc.